■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARLENE L. Appellant.—Adjudication unanimously affirmed. Memorandum: Defendant was convicted of third degree assault (Penal Law § 120.00 [1]) as a result of a fight in which the complainant was cut by a piece of glass. Defendant's primary claim is that the trial court should not have interviewed, in the absence of defense counsel, a juror who appeared to be sleeping during defense counsel's cross-examination.

The procedure for disqualification of a juror midtrial does not require the Trial Judge to inform counsel concerning the possibility that a juror may be "grossly unqualified" to serve (CPL 270.35). Although the better course is to hold a hearing in the presence of counsel *(see, Smith v Phillips,* 455 US 209, 215-218; *People v Ciaccio,* 47 NY2d 431, 437; *cf. People v Argibay,* 57 AD2d 520, *affd* 45 NY2d 45, 52-53), it is not reversible error for a court to explore the juror's qualifications in chambers *(see, People v Ivery,* 96 AD2d 712), even if done in the absence of counsel *(see, United States v Berger,* 433 F2d 680, 686, *cert denied* 401 US 962, *reh denied* 402 US 925; *People v Rentz,* 120 Misc 2d 165, 176-177, *affd for reasons stated below* 105 AD2d 920). Here, the court met with counsel and had the record of the meeting with the juror read back. Moreover, defendant has failed to demonstrate any prejudice

resulting from the court's substitution of an alternate juror to which her counsel consented.

Defendant also claims the trial court erred by receiving in evidence a piece of broken glass found on the floor of the tavern in the area where the incident occurred. There is no merit to this claim. The record establishes a proper chain of custody (see, People v Julian, 41 NY2d 340). Moreover, the glass was offered and received only for the limited value that it was found near the scene of the crime. Under these circumstances, the court's evidentiary ruling was not reversible error. We have considered defendant's remaining claims and find them lacking in merit. (Appeal from adjudication of Herkimer County Court, Bergin, J.—youthful offender.) Present—Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.