■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS BOEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bianchi, J.), rendered July 29, 1985, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and loitering in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention on this appeal, we find that, viewing the evidence in the light most favorable to the People, that the defendant's guilt of the crime of criminal sale of a controlled substance in the third degree, was proven beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621). The arresting officer was seated in an unmarked car at a distance of 75 to 80 feet from the defendant. The officer, using binoculars, observed the defendant place a plastic bag on the ground near a fence post and cover it with leaves. As the officer continued to watch, three vehicles pulled up at intervals. Each time, the defendant approached the vehicle, spoke briefly with the occupant and took money from him. Then the defendant removed a small, clear plastic bag containing white powder from the hidden larger bag and gave it to the occupant. Thereafter, an individual on foot approached the defendant. Again the defendant obtained a plastic bag from his hidden supply and handed it to the individual. The latter immediately opened the bag, inserted a straw, placed the

other end of the straw in his nose and snorted the white powder. The officer then moved in and arrested the defendant and the individual. While the bag sold to the individual was not recovered, 24 similar plastic bags were found in the larger hidden bag, each of which, upon analysis, was found to contain cocaine. Thus, the jury could have inferred from the foregoing facts that the substance sold to the last individual was cocaine.

The defendant's other claims are either unpreserved or without merit. Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.