■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE SPECKS, Appellant.

At trial, an undercover police officer and an informant both testified that the defendant sold narcotics to the undercover officer on two separate occasions. On appeal, the defendant contends that the People failed to prove his identity as that of the narcotics seller. Specifically, he argues that the informant, because of his criminal history, should not have been believed, and that the undercover officer's testimony was insufficient to establish his identity as that of the drug seller because the two drug transactions were brief and occurred at night.

The undercover officer who identified the defendant as the narcotics seller had observed him at very close range on two separate occasions for approximately one minute each time. Although these observations were made during nighttime hours, the area in which the drug sales occurred was a commercial one and was well lit by street lamps and store lights. The undercover officer had an ample basis upon which to identify the defendant. The defendant's identity as the narcotics seller was further established by the informant's identification of him. Although the informant's credibility was challenged, the resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's remaining contention and find it to be without merit. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.