■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BAILEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered July 2, 1986, convicting him of murder in the second degree (three counts), attempted murder in the second degree (two counts), assault in the first degree (two counts), burglary in the first degree and criminal possession of a weapon in the second degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the conviction of burglary in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

On appeal, the defendant argues that reversal of the judgment of conviction is necessary because the trial court, after conducting an interview with a juror in the absence of the defendant and in the absence of counsel, determined that the juror should not be disqualified. We find, first, that the court's decision not to disqualify the juror was proper, since it did not appear that she " 'possesse[d] a state of mind which would prevent the rendering of an impartial verdict' " *(People v Buford,* 69 NY2d 290, 298; *People v West,* 92 AD2d 620, 622 [Mahoney, P. J., dissenting], *revd* 62 NY2d 708 *on dissenting opn at App Div).* Second, while it was improper for the court to conduct the interview with the juror outside the presence of defense counsel and the defendant *(see, People v Buford, supra,* at 299), reversal is not warranted since the defendant

effectively consented to this procedure and no prejudice has been demonstrated.

Although the Court of Appeals in *People v Buford (supra,* at 299) stated that a trial court's examination of a juror with respect to possible grounds for removal should be conducted in the presence of the defendant and his counsel, the Court of Appeals has also held that absence of a defendant from such an interview is not alone grounds for reversal *(see, People v Mullen,* 44 NY2d 1). Thus, it is clear that a defendant may waive his right to be present at such a proceeding, or may forfeit such right by failing to object *(see also, United States v Gagnon,* 470 US 522; *People v Wilson,* 106 AD2d 146, 148; *People ex rel. Fein v Follette,* 61 Misc 2d 826, *affd* 34 AD2d 835). If the defendant may thus waive his own presence, it follows that he may waive the presence of counsel as well, as was effectively done in the present case.

The right of an accused to be present at all material stages of trial is one protected by the Federal and State Constitutions, as well as by statute *(see,* US Const 6th Amend; NY Const, art I, § 6; CPL 260.20; *Snyder v Massachusetts,* 291 US 97; *People v Ciaccio,* 47 NY2d 431). As a matter of Federal constitutional law, however, any violation of this right which might occur when a trial court engages in an ex parte communication with a juror with respect to concerns over the juror's ability to proceed will warrant a new trial only if prejudice results *(see, Rushen v Spain,* 464 US 114; *see also, People v Moran,* 123 AD2d 646, 647-648). Thus, several courts in this State have recognized that it is not reversible error per se for the trial court to conduct such an interview in the absence of defense counsel *(see, People v Darlene L.,* 116 AD2d 1029; *People v Andriani,* 67 AD2d 20; *People v De Sousa,* 79 AD2d 712). We consider the communication between the court and a single juror which occurred in the present case to be distinguishable from that type of communication between the court and a jury which involves delivery of supplemental instructions (CPL 310.30). Therefore, we are of the opinion that this case is not governed by the automatic reversal rule announced in *People v Mehmedi* (69 NY2d 759 [reversal necessary where trial court delivered supplemental instructions in absence of defendant, even though defense counsel consented]).

The defendant also argues that his conviction of burglary in the first degree must be reversed because there was no proof that he had entered or remained upon premises unlawfully. This argument has not been preserved for appellate review as a matter of law, since it was not raised with specificity in the

trial court *(see, People v Bynum,* 70 NY2d 858, *affg* 125 AD2d 207; *People v Colavito,* 70 NY2d 996, *affg* 126 AD2d 554; *People v Gomez,* 67 NY2d 843, 844-845, *affg* 111 AD2d 599; *People v Cardona,* 136 AD2d 556; *cf., People v Kilpatrick,* 143 AD2d 1). However, this court may nevertheless consider the issue in the exercise of our interest of justice jurisdiction. We choose to do so under the circumstances of the present case, because the deficiency in the prosecution's evidence of burglary in the first degree was so fundamental that it should have been noticed by the trial court. There was, in fact, no proof that the defendant entered or remained upon a premises unlawfully, and we therefore conclude that the defendant's conviction of burglary in the first degree must be vacated.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.