■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD TAYLOR, Also Known as SNOOP TAYLOR, Appellant.— Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered June 3, 1987, convicting defendant, after a jury trial, of attempted murder in the second degree and sentencing him, as a second violent felony offender, to an indeterminate term of imprisonment of from 7½ to 15 years, unanimously affirmed.

On the evening of October 14, 1986, complainant Jerome Grant was standing on a corner in Manhattan when Dennis Jones jumped out of a black Lincoln Continental and started fighting with him. Defendant and two others also got out of the car and joined in the fight. Defendant stabbed Grant in the back seven times with a hunting knife before fleeing with the others.

About two hours later, two officers intervened in an argument between the occupants of two cars, one being the black Lincoln Continental. During a search of the Lincoln, a hunting knife was found on the seat next to defendant. Defendant was brought to the hospital where Grant identified him as the person who had stabbed him.

While defendant contends his guilt was not proven beyond a reasonable doubt, the identification evidence was clearly sufficient to support the jury's finding that he was indeed Grant's assailant *(see, People v Contes,* 60 NY2d 620, 621).

Defendant also urges that he was denied the opportunity to testify before the Grand Jury. However, the record demonstrates that both defendant and his attorney determined that it was in defendant's best interest not to testify before the Grand Jury.

Defendant further maintains that the People failed to timely disclose the existence of four potential prosecution witnesses whose testimony would have exculpated him. While the People must disclose evidence in their possession which is exculpatory in nature *(United States v Bagley,* 473 US 667, 674), a defendant is not entitled to a new trial based on a belated disclosure of *Brady* material when "he is given a meaningful opportunity to use the allegedly exculpatory material" during trial *(People v Cortijo,* 70 NY2d 868, 870). With regard to two of the four witnesses, defendant in fact called them to the stand at trial and made full use of this evidence. In addition, there is no reason to believe that defendant's case would have been strengthened if defendant had known of these witnesses' existence earlier. With regard to the other two witnesses, their testimony would not have been exculpatory; moreover, they became unavailable as witnesses immediately after the crimes were committed. Consequently, there is no " 'reasonable probability' " that the outcome of the trial would have been different had defendant learned prior to trial of the existence of these witnesses *(United States v Bagley, supra,* at 682).

Defendant has raised several claims regarding the prosecutor's summation and the court's charge to the jury. These claims are unpreserved as a matter of law and we thus decline to reach them (CPL 470.05 [2]). However, were we to address these claims in the interest of justice, we would nonetheless find them to be without merit.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Milonas, Rosenberger, Asch and Rubin, JJ.