OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed.
Defendant was tried on charges arising out of an incident during which he imprisoned the complainant in her home, threatened to kill her, choked her, sodomized her and threatened to do the same to her two young daughters. While the jury was deliberating they sent the Judge a note asking for a readback of trial testimony. The Judge, accompanied by defense counsel and the prosecutor, and with their consent, then went to the door of the jury room and requested clarification of the readback request. Although this communication with the jury was not transcribed at that time, the Judge put the following on the record shortly thereafter when he returned the jury and the defendant to the courtroom to respond to the request:
"the court: Judy, both lawyers, Defendant is present, the Jury is here.
"Mrs. Dill, I have a message. I’ll read it into the record so we won’t misplace it. 'We want to hear the testimony about [complainant] from the second time Judy Flint knocks on the door until [complainant] arrives at her neighbor’s.’
"Now, I’ve brought both lawyers into the Jury Room, and I said you wanted to hear the testimony of the victim, [complainant], That’s what the question was in regard to wasn’t it?
"mrs. dill: Right.
"the court: We found that information that’s in the record. We’re going to read that to you. (Whereupon Court Reporter read requested portion of the testimony from Page 206, Line 17 to Page 208, Line 9.)”
We reject defendant’s contention that this brief communication with the jury in his absence violated CPL 310.30 and *812 denied him his constitutional right to be present at a material stage of his trial.*
A criminal defendant has, as a matter of due process, an absolute right to be present, with counsel, "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge” (Snyder v Massachusetts, 291 US 97, 105-106; People v Ciaccio, 47 NY2d 431, 436). This includes the right to be present during instructions to the jury "where the court is required to state the fundamental legal principles applicable to criminal cases generally, as well as the material legal principles applicable to a particular case and the application of the law to the facts” (People v Ciaccio, 47 NY2d, at 436, supra; see also, People v Johnson, 145 AD2d 932) as well as the court’s instructions in response to the jury’s questions about the evidence (People v Mehmedi, 69 NY2d 759). These aspects of a defendant’s constitutional right are also protected by CPL 310.30 (People v Mehmedi, 69 NY2d, at 760, supra; People v Ciaccio, 47 NY2d, at 437, supra), which provides that when a deliberating jury requests further information or instruction the court "must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper” (CPL 310.30; see also, Maurer v People, 43 NY 1).
In this case, the court’s communication with the jury in defendant’s absence consisted solely of a question to clarify whether a readback request for "testimony about [complainant]” was a request for "testimony of the victim, [complainant]” (emphasis added). The jury was given no "information or instruction” within the meaning of CPL 310.30. Moreover, this ministerial communication was wholly unrelated to the substantive legal or factual issues of the trial. Consequently, it cannot be said that defendant’s presence during this communication would have borne any relation, let alone any reasonably substantial relation, to his opportunity to defend against the charges. His presence, therefore, was not constitutionally required (Snyder v Massachusetts, 291 US, at 105-106, supra).
*813 We have considered defendant’s remaining contention and conclude that it is without merit.

 We have recognized that such an error would implicate "the organization of the court or the mode of proceedings prescribed by law” (People v Mehmedi, 69 NY2d 759, 760) and thus defendant’s claim presents a question of law for appellate review notwithstanding his attorney’s express consent to the procedure (id.; see also, People v Ahmed, 66 NY2d 307, 310; People v Patterson, 39 NY2d 288, 295, affd 432 US 197).