■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BROWN, Appellant.—Judgment, Supreme Court, New York County (Richard Failla, J.), rendered April 6, 1988, convicting defendant, after a jury trial, of manslaughter in the first degree and sentencing him to an indeterminate term of imprisonment of 6 to 18 years, unanimously affirmed.

Defendant's guilt of manslaughter in the first degree was proved beyond a reasonable doubt. We note that defendant was seen stabbing the victim, who was unarmed, by two witnesses, brother and sister, both of whom identified defendant in separate lineups. *(See, People v Brown, 129 AD2d 450.)*

There was no error in the court's ruling which denied defendant's application to charge manslaughter in the second degree, as a lesser included offense of murder in the second degree. No reasonable view of the evidence supports a conclusion that defendant committed the lesser, but not the greater offense *(People v Green, 56 NY2d 427)*.

During deliberations, the jury sent out a note requesting the "Cotto's" testimony, referring to the brother and sister, either one of them or both. Outside of the presence of defendant or his counsel, the court instructed the clerk to ask which witness's testimony was requested, which was accomplished, and the testimony provided. Although the questioning took place out of defendant's presence, defendant never objected, and, in any event, the nature of the question did not deprive defendant of his right to be present at a material stage of the proceeding. The question was strictly ministerial *(People v Harris, 76 NY2d 810)*. Nor did this procedure manifest an improper delegation of judicial authority to the clerk. We have examined defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Rosenberger, Asch and Wallach, JJ.