■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTINE CRUZ, Appellant.—Judgment, Supreme Court, Bronx County (Vincent Vitale, J.), rendered May 5, 1988, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him as a second violent felony offender to an indeterminate term of from 25 years to life, unanimously affirmed.

Defendant and accomplices were observed walking across the playground towards the victim by the eyewitness. The eyewitness testified that she saw defendant fire two or three shots into the back of the victim, hand the gun to one of the accomplices, who fired another shot at the fallen man. She then observed defendant and the accomplices walk out of the playground laughing, passing her window, and yell, "Squealers, you better not say anything" to the residents of her

building. The eyewitness testified that she had seen defendant around the neighborhood on numerous occasions, and knew his identity. Defendant's witnesses purported to demonstrate that, although defendant was in a location near the shooting, he was not at the scene of the shooting, and was engaged in other activities.

Viewing the evidence in a light most favorable to the People, and giving due deference to the jury's findings of credibility, defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence. We note that whether the eyewitness had a sufficient opportunity to observe the defendant is a matter for the jury and this sole identification provides sufficient evidence of guilt.

Defendant has failed to preserve as a matter of law his bolstering claim by specific objection, or by seeking further curative relief (CPL 470.05 [2]; *People v Love,* 57 NY2d 1023). Since the testifying police officer did not specify that he showed the witness a photograph of defendant, or that she specifically identified the photograph we do not find that bolstering occurred. We also note that the officer testified, *in camera,* that he inadvertently referred to photograph, in the singular, rather than photographs, in the plural; on this basis, we have no reason to doubt the prosecutor's good faith in asking questions. As such, we will not review in the interest of justice. Defendant's numerous challenges to the prosecutor's summation comments are essentially unpreserved for review as a matter of law. Even when defendant voiced general objections, he never requested further curative relief, thereby waiving those claims (CPL 470.05 [2]). We decline to review in the interests of justice.

With respect to the prosecutor's cross-examination of one of defendant's witnesses, Edward Thomas, defendant failed to specify his objection, thereby waiving the claim. In any event, we find no violation of *People v Dawson* (50 NY2d 311). With respect to defendant's witness Sharon Diaz, defendant failed to specify any objection during the prosecutor's cross-examination, during which time the prosecutor sought to establish when Diaz had knowledge that defendant was facing trial. The only objection came at the close of that testimony, when defense counsel moved for a mistrial. The mistrial motion was predicated upon purported bad faith by the prosecutor. As such, this appellate claim, too, is unpreserved for review *(see, People v Williams,* 70 NY2d 946). We note that a sidebar conference following counsel's general objection was never transcribed; thus we have no record to review with respect to

counsel's trial position. Defendant's appellate contention that the court failed to provide an instruction on how to evaluate alibi testimony, was never raised at trial, nor was an appropriate charge requested, or exception taken to the court's failure to provide an alibi charge. As such, the claim is waived as a matter of law (CPL 470.05 [2]; *People v Contes,* 60 NY2d 620, 621). We will not review in the interest of justice. We note that the court's general instructions properly conveyed all legal principles to the jury.

Defendant's *pro se* claim that the court failed to provide a missing witness charge with respect to a police officer to whom the eyewitness related the fact of the shooting, was one never requested at trial. As such, the claim is unpreserved and we will not review in the interest of justice, Nor are we persuaded that the purported witness had material evidence to offer, or that defendant was precluded from subpoenaing that witness himself. Defendant's *pro se* challenge to the court's identification charge similarly is unpreserved for review by specific request or specific objection *(People v Foster,* 156 AD2d 252, *lv denied* 75 NY2d 868). The charge as given was clear and unambiguous and consistent with the standard instruction provided in 1 CJI(NY) 10.01. Defendant's *pro se* challenge to the court's submission of a no adverse inference charge, relating to the defendant's failure to testify, also is unpreserved for review as a matter of law. Counsel specifically agreed that a charge should be given. Nor did defendant except to the charge as given. Hence, defendant's *pro se* appellate claim that the instruction expanded the statutory language of CPL 300.10 (2), is waived. In any event, the instruction as given complied with the statutory directive *(see, People v Lara,* 75 NY2d 836).

Nor has defendant substantiated his claim that the court failed to grant a necessary adjournment. The record indicates that the court granted every adjournment requested and defendant never renewed a request for a further adjournment *(People v Washington,* 64 NY2d 961). Concur—Murphy, P. J., Rosenberger, Wallach and Smith, JJ.