■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN PERALTA, Appellant.—Judgment, Supreme Court, Bronx County (Daniel Sullivan, J., at jury trial and sentence), rendered June 27, 1989, convicting defendant of criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of 3 to 6 years imprisonment, unanimously affirmed.

On September 9, 1988, defendant was observed by two police officers in Bronx County, driving a 1987 Chevrolet van that had been reported stolen 9 days earlier. On the People's direct case, the arresting officer testified that at the time of arrest, after defendant told the officer that he was merely moving the van for somebody, he did not respond when asked to identify that person. As there was no objection to the admission of that testimony, the issue was not properly preserved for appellate review (People v Thomas, 50 NY2d 467). Were we to review we would nonetheless find the argument unpersuasive. Furthermore, interest of justice review is unwarranted. Defense counsel's trial strategy included extensive cross-examination on this brief testimony, which carried through into the defense summation, where he made affirmative use of defendant's statement, even suggesting that the arresting officer was derelict in his duty for not further investigating defendant's claim of innocent purpose. In such circumstances, and in view of the overwhelming evidence of defendant's guilt, the admission of this brief testimony was rendered harmless and in any event was not error (People v Crimmins, 36 NY2d 230).

Defendant's claim of improper comment on defendant's silence by the prosecutor in summation is rejected as meritless, as the prosecutor's summation comments constituted fair comment on the evidence (People v Fielding, 158 NY 542), and appropriate response to the defense summation (see, People v Morgan, 66 NY2d 255). Additionally, defendant's claim of error regarding the trial court's "no adverse inference" charge

is rejected on the grounds that the court's comprehensive charge was given in response to defendant's specific request therefor, for no specific objection raised, and thus defendant does not present a reviewable issue *(see, e.g., People v Santiago,* 52 NY2d 865).

Finally, in the circumstances this court perceives no abuse of discretion by the trial court in imposing sentence. *(People v Davis,* 92 AD2d 177, *affd* 61 NY2d 202.) Concur—Milonas, J. P., Ross, Kassal, Smith and Rubin, JJ.