■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GAMBLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered July 26, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of 10 to 20 years imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence from 10 to 20 years imprisonment to 7½ to 15 years imprisonment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at trial established that the defendant sold quantities of crack-cocaine to an undercover police officer during a so-called "buy and bust" operation. At trial, the undercover officer who had purchased the crack-cocaine provided a detailed account of the purchase. Moreover, both the undercover officer and a second officer who also observed the transaction, identified the defendant as the perpetrator of the crime (see, People v Specks, 140 AD2d 472; People v Boey, 127 AD2d 673). Although the pre-recorded "buy money" was not recovered from the defendant, and while there existed minor inconsistencies in the police paperwork as to the precise location of the sale, the foregoing evidence was before the jury, which had the opportunity to weigh the evidence and resolve any issues of credibility (see, People v Gruttola, 43 NY2d 116, 122; People v Gaimari, 176 NY 84). The jury's determination must be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Further, since no objection was made, the defendant's claim that he was deprived of his right to be present during the court's questioning of a juror in chambers who, during deliberations, had informed the court that she was "in fear for her life", is unpreserved for appellate review (see, CPL 470.05 [2]; People v Bailey, 146 AD2d 788, 789). In any event, the trial court's questioning of the juror in chambers "did not constitute a material part of the trial" (People v Mullen, 44 NY2d 1, 6; People v Velasco, 77 NY2d 469; cf., People v Darby, 75 NY2d 449, 455; People v Buford, 69 NY2d 290). Contrary to the defendant's contentions, the court's inquiry of the juror pertained to her possible disqualification and the potential existence of any jury tampering, and did not constitute a "supplemental" jury instruction (see, People v Mullen, supra; People v Bailey, supra; cf., People v Cain, 76 NY2d 119). Specifically, the court's inquiry of the juror, which was conducted in the defense counsel's presence, disclosed that the juror's concern

appeared to center upon a fear of drug dealers in general and the possibility that some type of retaliation might be undertaken as a consequence of her involvement in the case. The court questioned the juror with regard to her apprehensions, and after ensuring that her disqualification was not required, determined that she should continue to participate in the deliberations. Under these circumstances, the defendant was not excluded from a material portion of the trial *(see, People v Mullen, supra,* at 4-6).

We find that the sentence was excessive to the extent indicated. Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.