■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered August 6, 1981, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the trial court impermissibly delegated its authority to a court officer by communicating with the jury during deliberations through the court officer. The defendant's further assertion that the trial court's action also deprived him of his right to be present at all material stages of his trial is also without merit.

CPL 310.30 provides, in pertinent part, that upon a request for instructions or information from the jury, "the court must

direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper". Here, the challenged communication was a request from the court for clarification of the jury's prior request for a readback of testimony. In *People v Harris* (76 NY2d 810), the court received a relatively ambiguous note from the jury requesting the readback of certain testimony. The Trial Judge consulted with the prosecutor and defense counsel, and, with their consent, went to the door of the jury room and requested a clarification of its request for a readback. The Court of Appeals held that a trial court's brief communication with the jury in the absence of the defendant violated neither the defendant's rights under CPL 310.30, nor his right to be present at a material stage of his trial *(see, People v Harris, supra,* at 811-812). The court, while finding that the claim was reviewable notwithstanding his attorney's express consent to the procedure *(see, People v Harris, supra,* at 812), reasoned that the communication had been entirely "ministerial" and "wholly unrelated to the substantive legal or factual issues of the trial", having communicated no " 'information or instruction' within the meaning of CPL 310.30" *(People v Harris, supra,* at 812). The court concluded that: "[I]t cannot be said that defendant's presence during this communication would have borne any relation, let alone any reasonably substantial relation, to his opportunity to defend against the charges. His presence, therefore, was not constitutionally required" *(People v Harris, supra,* at 812).

Similarly, the instant communication that: "[t]he three attorneys agree, and the judge, that the question needs clarification", merely sought clarification of the jury's ambiguous question and did not contain an instruction on the law or the content or substance of any trial evidence or matter pertinent to the jury's consideration of the case. Thus, the court's relaying of the communication through a court officer did not violate CPL 310.30, and was simply a technical, procedural matter which did not implicate the defendant's fundamental rights. Therefore, the court officer's intervention did not take the communication out of the *Harris* holding.

We disagree with the defendant's further contention that the trial court committed reversible error in discharging a sworn juror without holding a hearing in the defendant's presence pursuant to *People v Buford* (69 NY2d 290). While a criminal defendant has a constitutional and statutory right to

be present at all material stages of a trial *(see,* CPL 260.10; *People v Mehmedi,* 69 NY2d 759, 760; *People v Ciaccio,* 47 NY2d 431, 436; *People v Mullen,* 44 NY2d 1), which necessarily includes all proceedings had in the "impaneling of the jury, the introduction of evidence, the summations of counsel, and the court's charge to the jury" *(People v Mullen, supra,* at 4; *People v Ciaccio, supra,* at 436; *Maurer v People,* 43 NY 1, 3), due process requires the presence of a defendant at his trial " 'to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only' " *(People v Mullen, supra,* at 4-5, citing *Snyder v Massachusetts,* 291 US 97, 108). A defendant's presence may only be dispensed with during ministerial proceedings, "wholly unrelated to the substantive legal or factual issues of the trial" *(People v Harris,* 76 NY2d 810, 812, *supra),* or in situations where his presence would be "useless, or the benefit but a shadow" *(Snyder v Massachusetts, supra,* at 106-107). Thus, "whether the mandate requiring the presence of a defendant at the trial of his indictment stems from due process or statute, literal application of its directive is not demanded. Common sense dictates that substantial performance of its terms is sufficient" *(People v Mullen, supra,* at 5). Accordingly, a "defendant has an absolute right to be present, with counsel, 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend [himself]' " *(People v Ciaccio, supra,* at 436, quoting *Snyder v Massachusetts, supra,* at 105-106).

In *People v Darby* (75 NY2d 449), the Court of Appeals clarified the scope and reach of *Mullen* and *Buford,* by holding that the "unique, indispensable presence of *at least the 'single-minded counsel* for the accused' *(People v Rosario,* 9 NY2d 286, 290 *[cert denied* 368 US 866]) is minimally necessary to safeguard that fundamental fairness to defendant" *(People v Darby, supra,* at 454 [emphasis added]) during the in-camera questioning of a juror. In arriving at its determination, the court confirmed the continued viability of *Mullen.* Thus, under *Darby,* it is clear that during an in-camera interview of a prospective juror, at least the presence of the defense counsel is required. Here, the trial court's inquiry in the presence of the defense counsel met the mandate of *Darby.* Furthermore, because this was not a material part of the proceedings, the defendant, through his counsel, waived any claim of error regarding his absence *(see,* CPL 470.05 [2]; *United States v Gagnon,* 470 US 522; *People v Mullen,* 44 NY2d 1, 6, *supra; People v Bailey,* 146 AD2d 788, 789).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Lawrence J. P., Eiber, Harwood and Balletta, JJ., concur.