■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HAZZARD, Appellant.—Appeal by the defendant from two judgments of the the Supreme Court, Queens County (Groh, J.), both rendered January 19, 1989, convicting him of

criminal sale of a controlled substance in the third degree (two counts), criminal use of drug paraphernalia in the second degree (two counts), and unlawful possession of marihuana under Indictment No. 439/88, upon a jury verdict, and imposing sentence, and convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, criminal use of drug paraphernalia in the second degree, and unlawful possession of marihuana under Indictment No. 10628/88, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant argues that he was denied the effective assistance of counsel because his attorney failed to request a hearing to challenge the suggestiveness of an undercover officer's identification of the defendant at a station house showup. We disagree. The defense counsel's failure to make a particular pretrial motion, in and of itself, does not constitute ineffective assistance (see, People v Rivera, 71 NY2d 705; People v Morris, 100 AD2d 630, affd 64 NY2d 803). Rather, counsel's performance must be viewed in its entirety (see, People v Baldi, 54 NY2d 137; People v Aiken, 45 NY2d 394). Even assuming that the defense counsel should have requested a hearing, under the totality of the circumstances the defendant received meaningful representation. The defense counsel made other appropriate pretrial and trial motions. In addition, at the trial, the defense counsel competently presented and argued the defendant's defense of mistaken identity.

We also disagree with the defendant's argument that the court's questioning of a sworn juror in the presence of the defense counsel, but in the absence of the defendant, denied him his right to be present at all material stages of his trial. The defendant waived any claim of error regarding his absence when he failed to object to the questioning procedure (see, People v Torres, 174 AD2d 586; People v Bailey, 146 AD2d 788). In any event, this court has recently held that it is not reversible error for the court to examine a sworn juror in the defendant's absence, as long as the defense counsel is present to safeguard the defendant's rights (see, People v Torres, supra).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.