■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GRANT, Appellant.—Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered May 18, 1989, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an indeterminate term of imprisonment of 6 to 12 years, unanimously affirmed.

Defendant was convicted of criminal possession of a weapon in the second degree based upon his alleged part in a fatal shooting. Before the medical examiner testified, the trial court noted that a juror had requested that the court speak to his supervisor about rescheduling his days off to coincide with the upcoming weekend. When court reconvened on Monday, the court told counsel that the juror had been advised that he was going to be fired for calling in sick on Saturday and Sunday. After the jury returned to the courtroom, the court, the attorneys, and the juror, but not defendant, went into the robing room. Upon brief questioning by the court, the juror said that he would be able to evaluate the evidence. Both lawyers declined to question him, and the proceedings continued with counsel's summation.

Defendant claims that he was deprived of his right to be present at trial by the brief inquiry of the juror, but in the absence of a protest at trial, the claim has not been preserved. *(People v Gamble,* 173 AD2d 555.)* Were we to review the claim in the interest of justice, we would find that it lacks merit.

*People v Mullen* (44 NY2d 1) has not been overruled by *People v Buford* (69 NY2d 290; *see, People v Darby,* 75 NY2d 449, 453-454; *People v Torres,* 174 AD2d 586). Defendant's absence from the robing room did not impinge on his right to a "fair and just" *(Snyder v Massachusetts,* 291 US 97, 108) inquiry into the juror's qualifications, as his rights were protected by " 'single-minded' " defense counsel *(People v Darby,* 75 NY2d, *supra,* at 454). And unlike the circumstances found in *Buford,* counsel was permitted to participate in the inquiry of the juror and there is no challenge to the propriety of the court's decision regarding the juror's qualifications to continue *(see generally, People v Romero,* 172 AD2d 272, *lv denied* 78 NY2d 973).

Defendant's claim that the court's adverse inference charge suggested that his choice not to testify was a tactical maneuver is also unpreserved *(People v Autry,* 75 NY2d 836; *People v Peralta,* 172 AD2d 155, *lv denied* 78 NY2d 925; *People v Cruz,* 171 AD2d 607, *lv denied* 78 NY2d 921). It also lacks merit. The charge did not suggest that defendant had an obligation to testify *(People v McLucas,* 15 NY2d 167), and was not overly lengthy, and while defendant claims that the court should not have alluded to his "choice" not to testify, the court's instructions were facially correct statements of law. *(People v Autry, supra.)* Concur—Milonas, J. P., Asch, Kassal, Smith and Rubin, JJ.