■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVAL CHAMBERS, Appellant.—Judgment, Supreme Court, Bronx County (Vincent Vitale, J.), rendered January 24, 1990, convicting defendant, after jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of imprisonment of 3½ to 7 years, unanimously affirmed.

The *in camera* questioning of a prospective juror regarding possible disqualification, conducted by the trial court in the presence of the prosecutor and defense counsel, afforded defendant a fair and just hearing on an issue having nothing to do with defendant's guilt, at which defendant's presence was not required *(see, People v Mullen,* 44 NY2d 1).

While the prosecutor and defense counsel engaged in inap-

propriate verbal "one upmanship" tactics during *voir dire,* nevertheless the record before us indicates that the court properly accepted the prosecutor's race neutral reasons for use of peremptory challenges. The jury panel consisted of approximately 90% Blacks and Hispanics, and defense counsel stated on the record that all jurors selected were satisfactory. In these circumstances, defendant's claim that the trial court erred in finding the prosecutor's use of peremptory challenges racially neutral is without merit *(see, e.g., People v Hernandez,* 75 NY2d 350, *affd* 500 US —, 111 S Ct 1859). Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.