The defendant's claims that a missing witness charge was required and that the trial court erred in singling him and his codefendant out as interested witnesses were considered by this court and rejected on the codefendant's appeal *(People v Caldwell,* 134 AD2d 440), and we find no basis to reach a different conclusion on the defendant's appeal. Furthermore, the defendant received the effective assistance of counsel and was not prejudiced by counsel's carefully-considered strategy of impeaching a police witness with previous testimony or by the failure to move for a separate trial *(see, People v Baldi,* 54 NY2d 137). The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.

■ The People of the State of New York, Respondent, v David Rodriguez, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Chetta, J.), rendered May 2, 1990, convicting him of criminal sale of a

controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree under Indictment Number 10841/89, upon a jury verdict, and imposing sentence, and (2) three amended sentences of the same court (Appelman, J.), each rendered April 26, 1990, revoking sentences of probation previously imposed by the same court (Appelman, J.), upon his plea of guilty to a violation of a condition of his probation, and imposing three consecutive indeterminate terms of three to nine years imprisonment upon his previous convictions of attempted criminal sale of a controlled substance in the third degree (three counts; one count as to each indictment) under Indictment Numbers 6687/86, 6688/86, and 1225/87.

Ordered that the judgment and the amended sentences are affirmed.

The defendant was initially sentenced on January 11, 1988, to three concurrent terms of six months imprisonment, to run concurrent with, and as special conditions of, three concurrent terms of five years probation, upon his plea of guilty to three counts of attempted criminal sale of a controlled substance in the third degree under Indictment Numbers 6687/86, 6688/86 and 1225/87 (one count as to each indictment). Thereafter, following his conviction in 1990 for criminal sale of a controlled substance in the third degree under Indictment Number 10841/89, but prior to sentencing on that conviction, the defendant pleaded guilty to a violation of the conditions of his probation. Three amended sentences were imposed on April 26, 1990, under Indictment Numbers 6687/86, 6688/86 and 1225/87, respectively, sentencing the defendant to three indeterminate terms of three to nine years imprisonment, to run consecutively to each other. Thereafter, on May 2, 1990, Justice Chetta imposed an indeterminate term of four and one-half to nine years imprisonment on the defendant's conviction under Indictment Number 10841/89, to run concurrently to the sentences imposed by Justice Appelman.

The defendant contends that the trial court erred when, during his trial under Indictment Number 10841/89, it questioned a juror in camera with the prosecution and the defense counsel present but without the defendant personally present. The juror had apparently expressed a concern over having seen the defendant several times in the subway and on the elevator. The court was able to assure itself that no words or gestures had been exchanged between the juror and the defendant and that the incidents would not affect the juror's impartiality.

The defendant's contention that his conviction must be reversed because the juror was questioned in his absence is unpreserved for appellate review since no objection was made to the questioning of the juror in his absence *(see, People v Hazzard,* 177 AD2d 593; *People v Torres,* 174 AD2d 586; *People v Gamble,* 173 AD2d 555).* In any event, the defendant's presence during the in camera questioning of a juror is not required under circumstances such as those herein where the defense counsel is present to protect the defendant's rights *(see, People v Hazzard, supra; People v Torres, supra).*

The defendant's contention that the consecutive sentences imposed by Justice Appelman on the amended judgments are harsh and excessive is without merit. The sentences imposed by the court were well within the statutory limits *(see,* Penal Law § 220.39 [1]; § 110.05 [4]; § 60.05 [4]; § 70.00 [2] [c]), and, under the circumstances of this case, we find no reason to disturb them.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.