■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.),

rendered August 21, 1989, convicting him of robbery in the second degree (two counts), endangering the welfare of a child (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and sentencing him to two consecutive indeterminate terms of 20 years to life imprisonment for robbery in the second degree, to run concurrently to two concurrent determinate terms of one year imprisonment for endangering the welfare of a child, and a concurrent determinate term of one year imprisonment for criminal possession of a weapon in the fourth degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision that certain of the sentences shall run consecutively and substituting therefor a provision that all of the sentences shall run concurrently to one another.

The court acted properly in discharging a sworn juror who expressly indicated that she could not be fair and impartial and that she would be unable to deliberate, regardless of the court's charge on the law (CPL 270.35; *People v Buford,* 69 NY2d 290, 299). Although the juror could not articulate the underlying reasons for her inability to deliberate fairly, her unequivocal statements that she could not be fair and impartial established that she was grossly unqualified *(cf., People v Buford, supra; People v Anderson,* 70 NY2d 729, 730).

Moreover, the court's questioning of the sworn juror in the presence of the defense counsel, but in the absence of the defendant, did not deny him of his right to be present. The defendant waived any claim of error regarding his absence when he failed to object to the questioning procedure *(see, People v Torres,* 174 AD2d 586; *People v Gamble,* 173 AD2d 555; *People v Hazzard,* 177 AD2d 593; *People v Grant,* 178 AD2d 283; *People v Bailey,* 146 AD2d 788).

Finally, the sentence was excessive to the extent indicated. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.