■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BAEZ, Appellant.—Judgment, Supreme Court, Bronx County (George Covington, J.), rendered July 10, 1990, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of imprisonment of 25 years to life and 5 to 15 years, respectively, unanimously affirmed.

Defendant's argument that the court did not give a circumstantial evidence charge is unpreserved, neither a request to so charge nor an objection to the charge as given having been made (CPL 470.05; *People v Alexander,* 153 AD2d 507, 509, *affd* 75 NY2d 979). In any event, were we to review in the interest of justice, we would find that the failure to give such a charge does not warrant reversal. A circumstantial evidence charge is not given because direct evidence is deserving of more weight than circumstantial evidence, but rather to advise the jury of its obligation to carefully draw inferences

from the evidence *(supra)*. There can be no doubt that the jury understood that defendant's guilt turned on whether the evidence showed that he was the person who shot the victim, and the evidence of guilt, which does exclude beyond a reasonable doubt every hypothesis of innocence, was compelling *(see, People v Cleague,* 22 NY2d 363, 367). Defendant's motive to avenge a perceived insult, his opportunity and means, his presence on the scene armed with what appeared to be a weapon moments after the shooting, and his attempted subornation of perjury were all established.

Also without merit is defendant's argument that a prior inconsistent statement of a prosecution witness was inadmissible on direct examination because the witness's testimony at trial did not tend to disprove the prosecutor's case (CPL 60.35). The statement was properly admitted, not because it was proof of defendant's guilt, but because it showed that defendant had attempted to influence the witness to give favorable testimony *(People v Whaley,* 144 AD2d 510, *lv denied* 73 NY2d 897).

Defendant's supplemental argument that his counsel was barred from establishing facts that would have impugned the credibility of prosecution witnesses is unpreserved. Trial counsel's lengthy review of the court's *in limine* ruling was not clearly a protest, and even if it were viewed as such, leaves too much to speculation for proper appellate review *(see, People v Cruz,* 171 AD2d 607, *lv denied* 78 NY2d 921). Further, while the court was not required to employ the procedure set forth in *People v Sandoval* (34 NY2d 371) to determine the scope of cross-examination of the People's witnesses, it was not precluded from making an *in limine* ruling *(People v Ocasio,* 47 NY2d 55, 59), and the record does not support the conclusion that the court's rulings were unjust *(see, People v Carmack,* 44 NY2d 706; *People v Sorge,* 301 NY 198, 202). Also, while cross-examination concerning acts underlying dismissed charges is permissible *(see, People v Rahming,* 26 NY2d 411, 419), defendant's desire to cross-examine the witnesses in regard to general credibility did not automatically entitle him to information that was confidential *(People v Tissois,* 72 NY2d 75, 79; *People v Gissendanner,* 48 NY2d 543, 548-550).

We have considered defendant's remaining claims, including those raised in his supplemental brief, and find them to be unpreserved or without merit. Concur—Rosenberger, J. P., Wallach, Ross, Asch and Kassal, JJ.