■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LENIN RIOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered April 12, 1989, convicting him of kidnapping in the first degree, conspiracy in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises from his participation in the kidnapping of a 13-year-old girl on Christmas Eve 1987. The defendant was arrested the next day, after several police officers observed him drive away with ransom money delivered by the kidnapped child's father, and followed him to an apartment in the Sunset Park section of Brooklyn. The child was found inside the apartment unharmed, and the police recovered the ransom money.

The defendant was subsequently indicted, *inter alia,* for kidnapping in the first degree and endangering the welfare of a child. During the course of the defendant's trial, an attorney associated with the Legal Aid Society informed the court that a colleague had observed a member of the jury speaking to an unidentified individual, and had overhead this individual ask the juror whether or not he would be able to find the defendant guilty. The juror allegedly responded that he would like to listen to "all [of] the facts before he makes his decision". After the Legal Aid attorney indicated that her colleague was unable to identify the juror involved in the alleged conversation, the Trial Judge informed the prosecutor and defense counsel that he intended to "call in each individual juror and inquire as to whether or not they had any conversations with anybody". When no objection to the court's proposal was registered, the Trial Judge, in the presence of the court reporter but in the absence of the defendant and the attorneys, proceeded to ask each member of the jury whether he or she had discussed the facts of the case with anyone, and each of the jurors denied having done so. Following a brief recess, the court advised the prosecutor and defense counsel that he had spoken to all 12 jurors and the two alternates, and that they "indicated that they had no conversation with anyone in reference to the facts of the case".

On appeal, the defendant contends that his right to be present during a material stage of his trial was violated because he was absent when the court questioned the members of the jury. However, the defendant's absence from the examination procedure was not "an error that affects the organization of the court or the mode of proceedings pre-

scribed by law" *(People v Liriano,* 177 AD2d 423, 424; *cf., People v Mehmedi,* 69 NY2d 759), and thus his failure to object to the procedure utilized by the court renders his claim unpreserved for appellate review *(see, People v Williams,* 181 AD2d 845; *People v Rodriguez,* 180 AD2d 654; *People v Metro,* 173 AD2d 282; *People v Gallow,* 171 AD2d 1061). In any event, while a defendant has a statutory right to be present during the " 'impaneling of the jury, the introduction of evidence, the summations of counsel and the court's charge to the jury' " *(People v Dokes,* 79 NY2d 656, 659; *see, People v Velasco,* 77 NY2d 469), this statutory right does not extend to in camera questioning of sworn jurors, such as was undertaken by the Trial Judge in this case, to determine whether there was a basis for defense allegations that a juror had discussed the case with another individual in violation of the court's admonitions *(see, People v Mullen,* 44 NY2d 1; *People v Gamble,* 173 AD2d 555; *People v Romero,* 172 AD2d 272). Moreover, while due process additionally requires that a defendant be present "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge" *(Snyder v Massachusetts,* 291 US 97, 105-106), here the court simply questioned the jurors in regard to an alleged incident of which the defendant had no personal knowledge. The brief and informal inquiry conducted by the Trial Judge had nothing to do with the defendant's guilt, and under these circumstances, it may be said that his presence " 'would have been useless, or the benefit but a shadow' " *(People v Dokes, supra,* at 661, quoting *Snyder v Massachusetts, supra,* at 106-107; *see also, People v Chambers,* 180 AD2d 541). Finally, although defense counsel should be present when a trial court examines a juror with respect to possible grounds for removal *(see, People v Darby,* 75 NY2d 449), we note that since a defendant may waive his right to be present at such a proceeding, or may forfeit such right by failing to object, "it follows that he may waive the presence of counsel as well" *(People v Bailey,* 146 AD2d 788, 789; *cf., People v Darby, supra).* Accordingly, since the defendant at bar effectively consented to the examination procedure utilized by the court, and no prejudice has been demonstrated, we conclude that the defendant's due process right to be present at trial was not violated *(see, People v Bailey, supra).*

We further find that the defendant's sentence was neither unduly harsh nor excessive *(see, People v Delgado,* 80 NY2d 780). Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.