■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LOUIS TAYLOR, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered March 14, 1989, convicting him of criminally negligent homicide (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his guilt was not proven beyond a reasonable doubt. We disagree. Viewing the evidence adduced at trial in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The evidence established that the defendant failed to perceive a substantial and unjustifiable risk of death when he ingested cocaine shortly before driving a bus carrying mentally handicapped adults, and proceeded at a high rate of speed on a winding road. The defendant was unable to apply the vehicle's brakes causing a crash which resulted in the deaths of three passengers.

The defendant also claims that he was denied his right to be present at a critical stage of the criminal action. Pursuant to CPL 310.30, a defendant has an "absolute and unequivocal" right to be present during instructions to the jury, which would include the right to be present during a readback of testimony to the jury *(see, People v Harris,* 76 NY2d 810; *People v Mehmedi,* 69 NY2d 759; *People v Ciaccio,* 47 NY2d 431). However, the brief communication by the court with the jury in the presence of defense counsel and the prosecutor, but in the defendant's absence, which involved only a question regarding the extent of a requested readback did not violate CPL 310.30 *(see, People v Harris, supra; People v Rodriguez,* 76 NY2d 918, 921; *People v Nolly,* 160 AD2d 195). The defendant's absence from the colloquy did not affect his ability to defend himself against the charges in any way and thus did not violate his due process right to be present at trial *(see, Snyder v Massachusetts,* 291 US 97, 105; *People v Harris, supra; People v Rodriguez, supra).*

To the extent that the People may have violated the principles of *Brady v Maryland* (373 US 83, 87) in not disclosing the statements made by certain bus passengers that they heard the defendant claim that he had no brakes, reversal is not required since the defendant independently learned of the existence of this information at a time when he still had a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case *(see, People v Cortijo,* 70 NY2d 868, 870; *People*

*v Brown,* 67 NY2d 555, 559; *People v Ruffo,* 161 AD2d 894, 895; *People v Anderson,* 160 AD2d 806, 808; *People v Taylor,* 160 AD2d 556, 557; *People v Dunn,* 149 AD2d 528).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Harwood and Lawrence, JJ., concur.