■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD RICHARDSON, Appellant.—Judgments, Supreme Court, Bronx County (Robert L. Cohen, J.), rendered October 19, 1990, convicting defendant, after a jury trial, of burglary in the second degree, and, upon his plea of guilty, of burglary in the third degree, and sentencing him to concurrent terms of imprisonment of 4 to 8 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant's contention that the court improperly failed to give a circumstantial evidence charge is unpreserved for appellate review as a matter of law *(People v Baez,* 183 AD2d 481). Were we to review this contention in the interest of justice, we would conclude that defendant was not entitled to such a charge, because the evidence was not wholly circumstantial *(People v Barnes,* 50 NY2d 375, 379-380). Here, the officer present at the crime scene observed defendant as he

"backed out" of the victim's burglarized apartment. In view of this direct evidence and the strong inferences to be drawn therefrom, a circumstantial evidence charge was not required *(People v Trail,* 172 AD2d 320, *lv denied* 78 NY2d 975). Concur —Ellerin, J. P., Wallach, Ross and Kassal, JJ.