■ The People of the State of New York, Respondent, v Hang Fan Ko, Appellant.—Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered October 26, 1989, convicting defendant after a jury trial, of two counts of attempted robbery in the second degree, and sentencing him to concurrent terms of imprisonment of 2½ to 5 years, unanimously affirmed.

The tape recording of the complainant's 911 call was properly introduced into evidence as an excited utterance. An excited utterance is admissible if the declarant "was under the stress of excitement caused by an external event sufficient to still his reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful" *(People v Brown,* 70 NY2d 513, 519). Contrary to defendant's claim on appeal, the complainant's telephone call was made while his reflective capacity was stilled under the stress of the excitement caused by the antecedent argument and shooting. The antecedent events were most startling, the complainant's semi-automatic having been discharged twice, and the complainant having fired a shotgun once. Further, the amount of time that had elapsed was brief, the police having

arrived before the smoke caused by the shotgun blast had dissipated. Moreover, the complainant did nothing that suggests that "there was significant opportunity to deviate from the truth" *(People v Edwards,* 47 NY2d 493, 497).

Defendant's right to be present at trial was not violated. *"[I]n camera* questioning of a juror is not a material part of a trial requiring the personal presence of defendant *(People v Mullen,* 44 NY2d 1) provided that defense counsel's presence assures that defendant received a fair and just hearing *(cf., People v Darby,* 75 NY2d 449, 453)." *(People v Metro,* 173 AD2d 282, 283, *lv denied* 79 NY2d 1004; *see also, People v Grant,* 178 AD2d 283, *lv denied* 79 NY2d 920.) Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.