■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ATTANASIO, Appellant. [594 NYS2d 299] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered November 14, 1991, convicting him of attempted rape in the first degree, sexual abuse in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find it was

legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although there were some inconsistencies in the complainant's testimony, they were not so significant as to render her testimony incredible as a matter of law (see, *People v Jordan*, 181 AD2d 745). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari*, 176 NY 84, 94). Since the jury's verdict is supported by the record, it should not be disturbed on appeal (see, *People v Garafolo*, 44 AD2d 86).

We find that, contrary to the defendant's contention, the trial court did not err in refusing to disqualify a sworn juror who expressed some apprehension after seeing the defendant in her neighborhood, since the juror assured the court that this fact would not affect her ability to be fair and impartial. Thus, the court properly concluded that the juror was not "grossly unqualified" to serve as a member of the jury (see, CPL 270.35; *People v Rodriguez*, 71 NY2d 214, 219; *People v Rodriguez*, 180 AD2d 831; *People v Mays*, 140 AD2d 376; *People v Mullen*, 44 NY2d 1; *People v Torres*, 80 NY2d 944).

The defendant's remaining contentions are unpreserved for appellate review (see, CPL 470.05 [2]). Thompson, J. P., Sullivan, Miller and Santucci, JJ., concur.