■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL RODRIGUEZ, Appellant. [683 NYS2d 277] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Demarest, J.), rendered December 23, 1996, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's right to be present during a critical stage of a trial was not violated when, in his absence, but in the presence of his attorney and the prosecuting attorney, the court briefly asked the jury foreperson when she would need to leave in observance of the Sabbath. While a defendant has a statutory right to be present when the jury is given instructions or information by the court (*see,* CPL 310.30; *People v Mehmedi,* 69 NY2d 759, 760), not every communication with a deliberating jury requires the presence of the defendant (*see, People v Bonaparte,* 78 NY2d 26, 30). Here, the court gave no instruction or information pertinent to the trial which would require the defendant's presence. The inquiry was merely ministerial and wholly unrelated to the substantive legal or factual issues of the trial (*see, People v Hameed,* 88 NY2d 232, 241). Therefore, the challenged discussion bore no substantial relationship to the defendant's opportunity to defend against the charges, and it did not violate his right to be present (*see, People v Hameed, supra; People v Bonaparte, supra; People v Harris,* 76 NY2d 810). Rosenblatt, J. P., Santucci, Friedmann and McGinity, JJ., concur.