People v Smith (2021 NY Slip Op 06632)





People v Smith


2021 NY Slip Op 06632


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2017-00308
 (Ind. No. 3673/15)

[*1]The People of the State of New York, respondent,
v
Tyheim Smith, appellant.


Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered December 9, 2016, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Neil Jon Firetog, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant's challenge to the voluntariness of his Miranda waiver (see Miranda v Arizona, 384 US 436) and statements to law enforcement officials is largely unpreserved for appellate review (see CPL 470.05[2]; People v Graham, 25 NY3d 994, 997). In any event, the People established beyond a reasonable doubt that the defendant's Miranda waiver and statements to law enforcement officials were voluntary (see People v Jin Cheng Lin, 26 NY3d 701, 719). The undue delay in arraigning the defendant, standing alone, did not render his statements involuntary (see id. at 719-720; People v Sands, 164 AD3d 613, 614). According to the evidence adduced at the suppression hearing, the defendant had an opportunity to sleep at the precinct station. Further, the defendant was provided with food and water, permitted to smoke cigarettes, and able to use the bathroom. In addition, the defendant was not handcuffed when he was in the interview room. The defendant's contention that the detectives pressured him into providing written statements is not supported by the detectives' hearing testimony, which the Supreme Court credited (see People v Johnson, 139 AD3d 967, 970). Moreover, the defendant's contentions regarding his age at the time he made the statements are also without merit.
Contrary to the defendant's contention, defense counsel was not ineffective for opening the door at trial to testimony that the detectives told the defendant that two other individuals had stated that the defendant was the shooter. This testimony was admissible, not for the truth of the statements, but to rebut the defense theory that the defendant had made no statements to the detectives and that the detectives had entirely falsified the defendant's statements, and the Supreme Court properly instructed the jury as such (see People v Santos, 150 AD3d 1270, 1272). Defense counsel was not ineffective in pursuing this strategy, as the defendant's statements were necessary [*2]to connect him to the crime, the statements were not recorded, the defendant had not signed the written statements, and the People did not introduce expert testimony to show that the written statements were in the defendant's handwriting (see People v Lopez-Mendoza, 33 NY3d 565, 571-572; People v Pavone, 26 NY3d 629, 647).
The defendant's contention that he was deprived of the right to be present during a conversation between the Supreme Court and a juror is unpreserved for appellate review (see People v Garay, 25 NY3d 62, 67-68) and, in any event, without merit (see People v Harris, 76 NY2d 810, 812; People v Bailey, 146 AD2d 788, 788-789).
The sentence imposed on the conviction of murder in the second degree was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court