■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN METRO, Appellant.—Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered October 4, 1988, convict-ing defendant, after a jury trial, of two counts of criminally negligent homicide, leaving the scene of an accident without reporting as a felony, and leaving the scene of an accident without reporting for which he was sentenced to three concur-rent terms of 1⅓ to 4 years and a conditional discharge, to run consecutive to concurrent terms of 4 to 12 years, and 1 to 3 years, respectively, for a separate conviction under the same indictment for assault in the second degree, and criminal possession of a weapon in the second degree, unanimously affirmed.

The circumstantial evidence in this case, supplied by both police and civilian witnesses, clearly established beyond a reasonable doubt that defendant drove the vehicle which struck and killed two persons, as well as a dog, before crash-ing a few blocks away. Defendant who was seen climbing out of the car, appearing to be, in the view of one witness, "ripped", struck two persons in the face, and ran a half mile before being temporarily apprehended by two pedestrians who did not know of the first accident, in which the two victims were killed. Defendant broke away as police approached. The registered owner of the car was an acquaintance of defen-dant's, but was not available for trial. Defendant was posi-tively identified by the two witnesses in a lineup.

Expert evidence established that the paint chips on the victims' clothing were consistent with the paint on the car, that animal hair was found on the fender, and that additional damage to the car was consistent with the car having hit a person at excessive speed.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we conclude that a rational trier of fact could have found defendant guilty beyond a reasonable doubt. The circumstantial evidence excluded to a moral certainty any inference inconsistent with guilt *(People v*

*Kennedy,* 47 NY2d 196). Defendant's challenge to the credibility of witnesses was a question for the jury *(People v Montanez,* 41 NY2d 53).

Defendant has failed to preserve, as a matter of law, any challenge to the qualifications of a juror, who was the subject of an inquiry by the court as to whether she served as a juror in the murder trial of one of defendant's witnesses. After the verdict was rendered but before the jury was discharged, counsel brought the matter to the court's attention. Counsel informed the court that he had not told defendant that he was requesting the inquiry, and expressly disclaimed seeking a mistrial. The court's inquiry, conducted in the presence of both attorneys but not in defendant's presence, established that the juror did not recognize the witness and was not involved in his prior trial. It is well established that *in camera* questioning of a juror is not a material part of a trial requiring the personal presence of defendant *(People v Mullen,* 44 NY2d 1) provided that defense counsel's presence assures that defendant received a fair and just hearing *(cf., People v Darby,* 75 NY2d 449, 453). Under these circumstances, this is not a matter so essential to the organization of the proceedings that normal rules of preservation are suspended *(cf., People v Mehmedi,* 69 NY2d 759, 760). As such, we conclude that defendant has waived as a matter of law any challenge to his absence from the *in camera* inquiry of the juror (CPL 470.05 [2]), If we were to review, we would find defendant's claim, under the circumstances of this case, to be meritless. The juror was not discharged, nor did the inquiry reveal any reason to conclude that she was unqualified. After the verdict was rendered, but the jury was not yet discharged, the court engaged in no further contact with the jury. As such, neither defendant's right to be tried by a jury of his selection nor his statutory right to be present during a material stage of the proceedings, is implicated.

We have examined defendant's remaining contentions, and find them to be unpreserved, as well as without merit. Concur —Sullivan, J. P., Carro, Ellerin, Ross and Asch, JJ.