■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY WEINBERG, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Moskowitz, J.), both rendered January 10, 1989, convicting him of grand larceny in the first degree, conspiracy in the fourth degree, offering a false instrument for filing in the first degree (37 counts), and falsifying business records in the first degree (26 counts), upon a jury verdict under Indictment Number 6319/87, and arson in the third degree, upon his plea of guilty under Indictment Number 6244/87, and imposing sentences.

Ordered that the judgment under Indictment Number 6319/87 is modified, as a matter of discretion in the interest of justice, by vacating the provision of the sentence which re-

quires the defendant to make restitution of $16,000,000; as so modified, the judgment under Indictment Number 6319/87, is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the amount of restitution to be imposed; and it is further,

Ordered that the judgment under Indictment Number 6244/87 is affirmed.

The facts of this case are fully set forth in the decision on the appeal of the codefendant Sheldon Weinberg *(see, People v Weinberg,* 183 AD2d 932 [decided herewith]).

The defendant contends that his right to be present at all material stages of the proceedings was violated when two written inquiries from the deliberating jury allegedly were answered off the record. Since this claim rests on matters outside the record, its presentation on direct appeal is improper. Further, the defendant's contention that the trial court erred when it sequestered the jurors without admonishing them on the record concerning their duties and obligations is not preserved for appellate review, since the defendant did not request that the court deliver a sequestration instruction to the jury *(see, People v Ford,* 78 NY2d 878; *People v Bonaparte,* 78 NY2d 24, 26, 32) or object to the court's failure to so admonish the jury on the record *(see, People v Bonaparte, supra,* at 31).

In light of the circumstances of this case and the defendant's criminal history, we do not find the sentence imposed to be excessive *(see, People v Suitte,* 90 AD2d 80). However, in the interest of justice, we remit the matter to the Supreme Court to conduct a hearing on the amount of restitution to be imposed *(see, People v Weinberg,* 183 AD2d 932, *supra; People v Weinberg,* 183 AD2d 931 [decided herewith]).

The defendant's remaining contentions are unpreserved for appellate review, without merit *(see, People v Weinberg,* 183 AD2d 932, *supra),* or do not warrant reversal. Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.