■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WEINBERG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered January 10, 1989, convicting him of grand larceny in the second degree, conspiracy in the fourth degree, offering a false instrument for filing in the first degree (37 counts), and falsifying business records in the first degree (26 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of

discretion in the interest of justice, by vacating that portion of the sentence which requires the defendant to make restitution of $16,000,000; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the amount of restitution to be imposed.

The facts of this case are fully set forth in the decision and order on the appeal of the codefendant Sheldon Weinberg *(see, People v Weinberg,* 183 AD2d 932 [decided herewith]).

The defendant contends that the People failed to prove that he was involved in the Medicaid fraud conducted at the Bed-Stuy Health Care Corp. Clinic (hereinafter BSHC). Viewing the evidence adduced at the trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People proved that the defendant was involved in the supervision of the fraudulent Medicaid billing that was conducted from the BSHC. Further, the People proved that the defendant participated in a theft in excess of $50,000, justifying his conviction of grand larceny in the second degree as a lesser included offense of grand larceny in the first degree charged in the indictment. Moreover upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Since the defendant's conviction was not based solely on circumstantial evidence, the "moral certainty" standard of proof *(see, People v Benzinger,* 36 NY2d 29, 32) need not be applied.

In light of the circumstances of this case and the defendant's criminal history, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). However, in the interest of justice, we remit the matter to the Supreme Court to conduct a hearing on the amount of restitution to be imposed *(see, People v Weinberg,* 183 AD2d 932, *supra; People v Weinberg,* 183 AD2d 930 [decided herewith]).

The defendant's remaining contentions are unpreserved for appellate review, or without merit *(see, People v Weinberg,* 183 AD2d 932, *supra),* or do not warrant reversal of the judgment of conviction. Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.