■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BUMBURY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered September 24, 1990, convicting him of sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant argues that reversal of the judgment of conviction is necessary because the trial court, after conducting an in camera interview with a juror in the presence of counsel but in the absence of the defendant, determined that the juror should not be discharged on account of illness. However, the trial court's questioning of the juror in chambers "did not constitute a material part of the trial"

*(People v Mullen,* 44 NY2d 1, 2; *see, People v Metro,* 173 AD2d 282; *People v Gamble,* 173 AD2d 555; *cf., People v Darby,* 75 NY2d 449, 455; *People v Buford,* 69 NY2d 290). The court's communication in chambers with the juror in the presence of counsel and in the defendant's absence consisted solely of an attempt to clarify the extent of the juror's illness. Such limited contact with the jury did not violate the defendant's fundamental right to be present at all material stages of a trial *(see, e.g., People v Delancey,* 173 AD2d 838, 839; *People v Gamble, supra; People v Metro, supra; People v Romero,* 172 AD2d 272). In any event, back in the courtroom, in the presence of the defendant and the jurors, the court repeated the discussion that took place in camera.

"[T]his ministerial communication was wholly unrelated to the substantial legal or factual issues of the trial" *(People v Harris,* 76 NY2d 810, 812). Under these circumstances, it cannot be said that the defendant's presence during this communication would have borne any relation to his ability to defend against the charges. Thus, his due process right to be present at trial was not violated *(see, Snyder v Massachusetts,* 291 US 97). Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.