■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALEK CHRISTENSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered February 26, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's present contention, his right to be present at all material stages of the trial was not violated when, in his absence, the court conducted a brief in camera inquiry regarding a sworn juror's possible presence at the arrest scene *(see, People v Mullen,* 44 NY2d 1; *see also, People v Torres,* 80 NY2d 944). The Court of Appeals has observed that such "in camera questioning of a juror [is] not a 'material part' of a trial requiring the personal presence of defendant" *(People v Darby,* 75 NY2d 449, 453, quoting *People v Mullen, supra,* at 6). Therefore, we find that the indispensable presence of defense counsel at the inquiry sufficiently safeguarded the defendant's due process right to a fair and just hearing on this issue *(see, People v Darby, supra,* at 453; *People v Mullen, supra,* at 5). Indeed, it cannot be stated in this case that the defendant's presence at the inquiry would have borne any relation to his ability to defend against the charges *(see, Snyder v Massachusetts,* 291 US 97; *People v Bumbury,* 186 AD2d 671).

Similarly unavailing is the defendant's claim that the court erred in failing to suppress identification testimony and in

failing to afford him the opportunity to examine the identifying witnesses at the *Wade* hearing. While lineup participants should have the same general physical characteristics as those of the suspect *(see, Foster v California,* 394 US 440; *People v Simmonds,* 182 AD2d 650), there is no requirement that a defendant be surrounded by individuals of a nearly identical resemblance *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Rodriguez,* 124 AD2d 611). In this case, where the record establishes that the lineup participants wore headgear to cover their hair and were similar in age, skin tone, and dress, we find that the variation in their height did not render the lineup impermissibly suggestive or conducive to irreparable mistaken identification *(see, People v Simmonds, supra; People v Burns,* 138 AD2d 614). Furthermore, the defendant did not possess an unqualified right to examine the identifying witnesses at the *Wade* hearing *(see, People v Chipp, supra; People v Allen,* 163 AD2d 396). In this regard, we are not convinced by the defendant's argument that the potential testimony of the eyewitnesses might have suggested that the varied heights of the lineup participants rendered the procedure unduly suggestive. The court already had a photograph of the lineup before it, and the testimony of eyewitnesses on this point would have been cumulative. Accordingly, the court had the discretion to exclude such testimony and to refuse to permit the defendant to call the eyewitnesses at the hearing *(see, People v Chipp, supra,* at 339), and we discern no improvident exercise of that discretion in this case.

Finally, the sentence imposed is neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Balletta, Eiber and Santucci, JJ., concur.