■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN MARDIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered January 16, 1991, convicting him of rape in the first

degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that he was deprived of his right to be present during a material part of the trial is without merit. The court questioned in chambers a juror who, at the close of the evidence on a Friday afternoon, informed the court that during the course of the trial he had received a telephone call from an unidentified caller which may have been related to this case and which may have affected his ability to deliberate. The defendant's counsel was present and, after the juror was briefly questioned, the decision on whether to disqualify him was reserved until the following Monday, when the juror was dismissed on consent. We find that the presence of defense counsel was sufficient to safeguard the defendant's right to a fair hearing, and his right to be present was not violated (see, People v Darby, 75 NY2d 449, 453; People v Torres, 80 NY2d 944). Bracken, J. P., Sullivan, Ritter and Santucci, JJ., concur.