■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHIM HARVALL, Appellant. [601 NYS2d 146] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered March 11, 1991, convicting him of attempted murder in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that he was deprived of his right to due process because the Supreme Court denied his request to call the complaining witness at the *Wade* hearing. We disagree. It is settled law that a defendant does not have an absolute, unqualified right to examine the complaining or identifying witness at a *Wade* hearing *(see, People v Chipp,* 75 NY2d 327, 337; *People v Christenson,* 188 AD2d 659). To the contrary, this right is generally triggered only when the hearing record raises substantial issues as to the constitutionality of the identification procedure *(see, People v Chipp, supra),* or where the People's evidence is "notably incomplete" *(People v Sokolyansky,* 147 AD2d 722, 723), or where the defendant otherwise establishes a need for the witness's testimony *(see, People v Ocasio,* 134 AD2d 293).

Contrary to the defendant's contention, the testimony presented at the *Wade* hearing did not raise a substantial issue

as to the constitutionality of the identification procedure. While the defendant asserts that the lineup participants may have stood up while being viewed by the complainant, the two officers who were present when the complainant identified the defendant testified that the participants were seated, and did not indicate that they were ever asked to stand. Moreover, there is no requirement that a defendant in a lineup be surrounded by individuals who are nearly identical to him in appearance (see, People v Chipp, supra; People v Ahmed, 173 AD2d 546), and even if the lineup participants had stood up in the complainant's presence, their varied heights alone would not have rendered the lineup impermissibly suggestive (see, People v Christenson, supra; People v Simmonds, 182 AD2d 650; People v Gonzalez, 173 AD2d 48, 56). Furthermore, several photographs of the lineup were admitted into evidence at the hearing, and the testimony of the two officers provided a complete account of the physical circumstances under which the identification procedure was conducted. The court was thus provided with the factual detail necessary to assess whether the lineup procedure was unduly suggestive (see, People v Mitchell, 185 AD2d 249), and the testimony of the complaining witness would have been cumulative (see, People v Christenson, supra). Accordingly, the court had the discretion to refuse to permit the defendant to call the complaining witness at the hearing (see, People v Chipp, supra, at 339), and we discern no improvident exercise of that discretion in this case.

The defendant's further claim that the Supreme Court erred in denying his motion to dismiss the indictment on speedy trial grounds is without merit. The Criminal Procedure Law provides that a motion to dismiss an indictment based upon a claimed denial of the right to a speedy trial must be made prior to the commencement of the trial or the entry of a guilty plea (see, CPL 210.20 [1] [g]). Moreover, the motion must be made in writing and upon reasonable notice to the People (see, CPL 210.45 [1]). The failure to follow the statutory procedure "results in a waiver of the claim" (People v Lawrence, 64 NY2d 200, 203). Here, the record reveals that on the morning of January 14, 1991, the People announced their readiness for trial, and defense counsel responded that although one of his witnesses was incarcerated, he too was ready for trial. The court assured defense counsel that it would do everything in its power to have the incarcerated witness produced in time for the defendant's case, and then informed the parties that a panel of prospective jurors would

be brought up to the courtroom that afternoon. When the case was recalled in the afternoon, the People turned over *Rosario* material to defense counsel. At this point, with a panel of prospective jurors waiting outside the courtroom door, defense counsel handed the court and the prosecutor a partially typed, partially handwritten motion to dismiss the indictment pursuant to CPL 30.30. The motion was made returnable that day, and defense counsel admitted that it had not been filed in the office of the Clerk of the Supreme Court, as required by court rules *(see,* 22 NYCRR 200.4). Under these circumstances, we agree with the Supreme Court that the motion was untimely, that defense counsel's tactics deprived the prosecution of reasonable notice of the motion, and that the defendant waived his speedy trial claim by announcing his readiness for trial and by failing to request an adjournment when the People moved the case to trial that morning *(see, People v Weaver,* 162 AD2d 486).

The defendant's further claim that the court failed to disclose or respond to a jury note rests on matters which are not contained in the record, and thus may not properly be presented on direct appeal *(see, People v Noland,* 189 AD2d 829; *People v Weinberg,* 183 AD2d 930).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Sullivan, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.