■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIL AMAKER, Appellant. [608 NYS2d 109] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered September 4, 1991, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of shooting another man to death after an argument.

Viewing the representation of the defendant's attorney in its entirety, the defendant was afforded the effective assistance of counsel (see, People v Rivera, 71 NY2d 705; People v Baldi, 54 NY2d 137; People v Droz, 39 NY2d 457).

The defendant's contention concerning his exclusion from in camera inquiries of three jurors is not preserved for appellate review (see, People v Williams, 181 AD2d 845; People v Gamble, 173 AD2d 555). In any event, contrary to the defendant's contentions on appeal, an in camera inquiry by the court and counsel into an impaneled juror's continuing fitness to serve is not a material stage of the proceedings and, therefore, the defendant's presence is not required (see, People v Aguilera, 82 NY2d 23; People v Torres, 80 NY2d 944; People v Darby, 75 NY2d 449; People v Mullen, 44 NY2d 1; People v Mardis, 190 AD2d 866; People v Christenson, 188 AD2d 659; CPL 270.35). In any event, certain portions of the in camera inquiries in this case were repeated in front of the defendant in open court (see, People v Bumbury, 186 AD2d 671). Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.