■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

THOMAS M. HOEHNE, Appellant. [610 NYS2d 579] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered September 29, 1992, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Following a *Wade* hearing, the court properly found that the People met their burden of demonstrating that the police did not use any impermissible procedures in conducting the photographic identifications, and that the array itself was not suggestive. The photographic spread featured six black-and-white pictures of white males, all approximately 30 years old, with shaggy hair and mustaches. Contrary to the defendant's suggestion, there is no requirement that he be surrounded by individuals identical to himself; the fact that he was slightly heavier than the others, and that his mustache was somewhat thinner, does not warrant a finding of suggestiveness *(see, e.g., People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Waters,* 195 AD2d 613; *People v Joseph,* 191 AD2d 646). The court therefore properly prevented defense counsel from cross-examining the People's witnesses regarding the eyewitnesses' descriptions of the robber, finding that the issue before it was whether the array was unduly suggestive, and not whether the photographs matched the description of the perpetrator— an issue more properly left for trial *(cf., People v Pino,* 116 AD2d 601; *cf., People v Rudan,* 112 AD2d 255).

The court also correctly denied the defendant's application to subpoena the civilian identification witnesses to testify at the *Wade* hearing, because the People had met their burden of going forward, and there was no proof that the identification procedures employed were suggestive *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833, *supra; People v Mercado,* 198 AD2d 380), or that the hearing evidence was "notably incomplete" *(People v Harvall,* 196 AD2d 553, citing *People v Sokolyansky,* 147 AD2d 722).

Finally, there is no merit to the defendant's contention that the Hearing Judge should have recused himself because of past frictions with the Orange County Legal Aid Society. Where, as here, no legal ground for disqualification was present *(see,* Judiciary Law § 14), it is up to the conscience and discretion of the court to determine whether or not it should

recuse itself in a given case *(see, People v Moreno,* 70 NY2d 403; *People v Webb,* 159 AD2d 289). The hearing court found that no prejudice existed, and properly refused to recuse itself. The defendant is unable to identify how the denial of his recusal motion might have affected the outcome of the case *(cf., Matter of Johnson v Hornblass,* 93 AD2d 732). Balletta, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.