■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY GRANDISON, Appellant. [614 NYS2d 322] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered February 6, 1992, convicting him of robbery in the first degree (two counts), robbery in the second degree, and criminal possession of stolen property in the fifth degree, under Indictment No. 557/91, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, also rendered February 6, 1992, convicting him of robbery in the first degree (four counts), under Indictment No. 653/91, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contentions, the trial court did not commit reversible error by denying his request for a missing witness charge. Although it was error for the trial court to deny the requested charge *(see, People v Kitching,* 78 NY2d 532; *People v Gonzalez,* 68 NY2d 424), the error was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Fields,* 76 NY2d 761; *People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *see also, People v Torres,* 80 NY2d 944; *People v Logan,* 74 NY2d 859; *People v Hopkins,* 76 NY2d 872; *People v Udzinski,* 146 AD2d 245), or without merit *(see, People v Robert,* 184 AD2d 597). O'Brien, J. P., Pizzuto, Joy and Krausman, JJ., concur.