■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMECHA HARRIS, Appellant. [623 NYS2d 128] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered February 6, 1992, as amended December 23, 1992, convicting him of robbery in the second degree and robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment, as amended, is modified, on the law and as a matter of discretion in the interest of justice, by (1) reversing the conviction for robbery in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) reducing the term of imprisonment for robbery in the second degree from an indeterminate term of 22½ years to life imprisonment to an indeterminate term of 15 years to life imprisonment; as so modified, the judgment, as amended, is affirmed.

The trial court acted within its discretion in denying the defendant's application to reopen the *Wade* hearing and to compel production of the complainant, as no substantial issues regarding the constitutionality of the showup identification were raised *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Harvall,* 196 AD2d 553). Further, at trial, the defendant made no attempt to impeach the complainant's testimony with her allegedly inconsistent Grand Jury testimony nor did he argue during summation that the pretrial identification procedure was unduly suggestive *(see, People v Chipp, supra,* at 338-339).

With regard to the conviction for robbery in the second degree, we find that the evidence was legally sufficient to establish that the complainant suffered "substantial pain" (Penal Law § 10.00 [9]; *see,* Penal Law § 160.10 [2] [a]) as a

result of the injuries inflicted by the defendant *(see, People v Powell,* 181 AD2d 924; *People v Lopez,* 156 AD2d 386). However, the conviction for robbery in the third degree must be reversed and that count of the indictment dismissed since robbery in the third degree is a lesser-included offense of robbery in the second degree.

Furthermore, under the circumstances, we find the defendant's sentence to be excessive to the extent indicated.

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Rosenblatt, O'Brien and Altman, JJ., concur.