■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP HAYES, Appellant. [628 NYS2d 493] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Pincus, J.), rendered January 20, 1993, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered January 20, 1993, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the judgment and the amended judgment are affirmed.

A defendant has a fundamental right to be present at side-bar discussions that are intended to find out a prospective juror's bias, hostility, or ability to be objective *(People v Antommarchi,* 80 NY2d 247, 250). This right may be waived

as long as the defendant waives it knowingly, voluntarily, and intelligently *(see, People v Epps,* 37 NY2d 343, 349-350, *cert denied* 423 US 999; *People v Underwood,* 201 AD2d 597). Here, the defendant's initial waiver may have been questionable. However, that his subsequent waiver was made after he sat through part of the voir dire proceedings with the first panel of venire persons, after he was present at a side-bar conference, and after he had expressly consented to the side-bar procedures, demonstrates that his subsequent waiver was made knowingly, voluntarily, and intelligently.

The defendant's sentence was not excessive *(see, People v Jackson,* 208 AD2d 862; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit or unpreserved for appellate review. Bracken, J. P., Joy, Friedmann and Florio, JJ., concur.