■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BERNHARDT, Appellant. [636 NYS2d 820] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered January 6, 1993, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that his knowing, voluntary, and intelligent waiver of the right to be present at sidebar conferences during voir dire remained in effect after his first trial ended in a mistrial and a new trial commenced. Although a defendant has a fundamental right to be present at sidebar discussions held to determine a prospective juror's bias, hostility, or ability to be objective (*see, People v Antommarchi*, 80 NY2d 247), a defendant may effectively waive this right if his waiver is made knowingly, voluntarily, and intelligently (*see, People v Epps*, 37 NY2d 343, 349-350; *People v Hayes*, 215 AD2d 690; *People v Pondexter*, 215 AD2d 409).

The record discloses that shortly before jury selection in the defendant's first trial, which commenced on November 16, 1992, the defendant expressly waived his right to be present at sidebar discussions during voir dire and executed a written waiver of his right to be present at conferences "during which questions involving a juror's qualifications may be asked". Jury selection was completed on the following day, November 17th, and the prosecution began its direct case on the morning of November 18th. However, the Trial Judge declared a mistrial later that day. When jury selection for the defendant's second trial began on November 19th, before the same Trial Judge, the defendant's attorney advised the court that his client consented to carry the *Antommarchi* waiver over to the second trial. Under these circumstances, we find that the knowing, intelligent, and voluntary waiver of the right to be present during sidebar conferences, which the defendant executed both in open court and in writing just three days prior to the commencement of the second trial, remained in effect.

In addition, even if the Trial Judge erred in instructing the jury that it could draw a limited negative inference that the defendant's mother and uncle would not have corroborated his alibi, any error in this regard was harmless in view of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins*, 36 NY2d 230, 241-242; *People v Grandison*, 206 AD2d 389; *People v Morales*, 126 AD2d 575).

We find no merit to the defendant's contention that the Supreme Court erred in denying his motion to dismiss the indictment on speedy trial grounds. The defendant made an oral application to dismiss the indictment on the eve of trial and without giving the People adequate notice of the motion in contravention of CPL 210.45, which requires speedy trial motions to be made in writing and upon reasonable notice. The failure to follow the statutory procedure "results in a waiver of the claim" (*People v Lawrence*, 64 NY2d 200, 203; *see, People v*

*Baxter*, 216 AD2d 931; *People v Harvall*, 196 AD2d 553). Rosenblatt, J. P., Ritter, Hart and Krausman, JJ., concur.