■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [650 NYS2d 998] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered April 6, 1994, convicting him of robbery in the first degree (three counts), assault in the first degree, and criminal possession of a weapon in the second degree (four counts), upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing (Curci, J.), of that branch of the defendant's omnibus motion which was to suppress physical and identification evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of physical and identification evidence obtained as a result of the warrantless entry by the police into the apartment to which the defendant fled. Here, the defendant failed to establish a reasonable expectation of privacy with respect to the premises searched and, thus, lacked standing to challenge the warrantless entry and subsequent search and seizure *(see, People v Wesley,* 73 NY2d 351; *People v Rodriguez,* 69 NY2d 159; *People v Mills,* 159 AD2d 520; *cf., People v Garrett,* 177 AD2d 705). In any event, the police entry into the subject apartment was proper under both the consent *(see, People v Gonzalez,* 39 NY2d 122) and exigent circumstances exceptions to warrantless searches and seizures *(see, People v Adrion,* 82 NY2d 628; *People v Elwell,* 50 NY2d 231; *People v Calhoun,* 49 NY2d 398; *People v Green,* 103 AD2d 362).

The defendant waived his speedy trial claim due to his failure to provide the People with reasonable notice of his CPL 30.30 motion to dismiss the indictment *(see, People v Lawrence,* 64 NY2d 200; *People v Bernhardt,* 223 AD2d 595; *People v Harvall,* 196 AD2d 553; *People v Littles,* 188 AD2d 255).

The defendant's remaining contentions are without merit. Thompson, J. P., Joy, Krausman and Luciano, JJ., concur.