■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ISLES, Appellant. [671 NYS2d 348] —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered August 16, 1996, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gulotta, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the case is remitted to the County Court, Nassau County, for a new *Wade* hearing in accordance herewith, and the appeal is held in abeyance in the interim. The County Court, Nassau County, is to file its report with all convenient speed.

We find unpersuasive the defendant's contention that the hearing court erred in denying his application to call the confidential informant as a witness at the *Wade* hearing, since the hearing evidence did not raise any substantial issues regarding the suggestiveness of the identification procedures (*see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833;

*People v Harvall,* 196 AD2d 553; *People v Christenson,* 188 AD2d 659).

However, as the People concede, the defendant is entitled to a new *Wade* hearing because the court improperly closed the courtroom during the testimony of an undercover police officer. At the start of the *Wade* hearing, the People made an application to close the courtroom at the request of the undercover officer because "[s]he is an undercover narcotics detective, who is actively working in the area and would be in fear of her identity being now known during this hearing". The defendant's counsel objected, and the court granted the application without further inquiry. It is well settled that mere generalized assertions that an undercover officer will continue to work in the vicinity of the arrest and is in fear for his or her safety are insufficient to support closure in the absence of any additional inquiry (*see, Waller v Georgia,* 467 US 39; *People v Tolentino,* 90 NY2d 867; *People v Martinez,* 82 NY2d 436). Accordingly, the defendant is entitled to a new suppression hearing, with any new application for closure to be determined in light of the conditions existing at the time of the hearing (*see, Waller v Georgia, supra; People v Guevara,* 135 AD2d 566). Ritter, J. P., Sullivan, Krausman and Luciano, JJ., concur.