◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ISLES, Appellant. [685 NYS2d 622] —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered August 16, 1996, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gulotta, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony. By decision and order of this Court dated April 27, 1998, the case was remitted to the County Court, Nassau County, for a new hearing on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal was held in abeyance in the interim (*see, People v Isles,* 249 AD2d 563). The County Court, Nassau County, has conducted the hearing and submitted its report to this Court.

Ordered that the judgment is affirmed.

The evidence adduced at the new *Wade* hearing, held in open court, fully supports both the hearing court's conclusion that the circumstances surrounding the identifications of the defendant were not unduly suggestive, and our previous determination that the testimony of the confidential informant was not necessary at the hearing (*see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Harvall,* 196 AD2d 553; *People v Christenson,* 188 AD2d 659).

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence is neither unduly harsh nor excessive (*see, People v Suitte,* 90 AD2d 80). Ritter, J. P., Sullivan, Krausman and Luciano, JJ., concur.