■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIKOLAS CHANDRAS, Appellant. [700 NYS2d 233] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin, J.), rendered November 10, 1997, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court did not err in denying that branch of the defendant's omnibus motion which was to suppress identification testimony. While lineup participants should have the same general physical characteristics as those of the suspect, there is no requirement that a defendant be surrounded by individuals nearly identical in appearance to him (see, People v Chipp, 75 NY2d 327, 335, cert denied 498 US 833; People v Rodriguez, 64 NY2d 738, 740-741; People v Folk, 233 AD2d 462; People v Christenson, 188 AD2d 659). Since the lineup participants were similar to the defendant in age, weight, and attire, their minor variations in complexion did not render the lineup impermissibly suggestive. In addition, minor height differentials were minimized by seating the participants during the lineup.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Thompson, J. P., Krausman, H. Miller and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELWYN CLARKE, Appellant. [700 NYS2d 732] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered December 15, 1998, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, P. J., Ritter, McGinity and Smith, JJ., concur.