■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SCOTT, Appellant. [736 NYS2d 691] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered August 1, 1996, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree (two counts), assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his right to due process because the Supreme Court denied his request to call civilian identification witnesses at the *Wade* hearing (*see, United States v Wade,* 388 US 218), and that the showup which led to his arrest was unduly suggestive. A defendant does not have an absolute unqualified right to call a complaining or identifying witness at a *Wade* hearing (*see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Harvall,* 196 AD2d 553; *People v Christenson,* 188 AD2d 659). To the contrary, this right is triggered only where the hearing evidence raises substantial issues as to the constitutionality of the identification procedure (*see, People v Chipp, supra*), where the People's evidence is "notably incomplete" (*see, People v Hoehne,* 203 AD2d 480; *People v Sokolyansky,* 147 AD2d 722), or where the defendant otherwise establishes a need for the witness's testimony (*see, People v Harvall, supra; People v Ocasio,* 134 AD2d 293).

Contrary to the defendant's contention, the hearing testimony failed to raise a substantial issue as to the constitutionality of the identification procedure. Showups that are conducted in close temporal and spatial proximity to the commission of the crime being investigated are generally permissible (*see, People v Duuvon,* 77 NY2d 541; *People v Holley,* 205 AD2d 638), and given the circumstances of this case, the identification procedure was not unduly suggestive.

The defendant's arguments regarding alleged prosecutorial misconduct during summation are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Dien,* 77 NY2d 885; *People v Nuccie,* 57 NY2d 818). In any event, the comments alleged to be inflammatory and prejudicial were either fair comment on the evidence (*see, People v Ashwal,* 39 NY2d 105) or responsive to arguments presented in the defense counsel's summation (*see, People v Galloway,* 54 NY2d 396).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, without merit. Feuerstein, J.P., Krausman, Friedmann and Schmidt, JJ., concur.