■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREADIS CARVALHO, Appellant. [765 NYS2d 528] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered July 21, 1997, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of marijuana in the third degree, criminally using drug paraphernalia in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not violate his right to be present at all material stages of the trial *(see* CPL 260.20). The trial court's in camera questioning of an alternate juror was a "ministerial communication" that "was wholly unrelated to the substantive legal or factual issues of the trial" *(People v Harris,* 76 NY2d 810, 812 [1990]; *People v Bumbury,* 186 AD2d 671, 672 [1992]), and the defendant's absence therefrom had no impact on his ability to defend *(see People v Harris,* 99 NY2d 202, 212 [2002]; *People v Velasco,* 77 NY2d 469 [1991]; *see also People v Santiago,* 255 AD2d 63, 68 [1999]; *People v Amaker,* 199 AD2d 513, 514 [1993]; *People v Gamble,* 173 AD2d 555, 556-557 [1991]). In any event, the defendant, through counsel, waived any right to be present at the questioning of the alternate juror *(see People v Keen,* 94 NY2d 533, 538-539 [2000]; *People v Pellington,* 294 AD2d 197 [2002]).

Furthermore, the record does not support the defendant's contention that the trial court gave the jury supplemental instructions in his and defense counsel's absence (*see People v Pagan,* 256 AD2d 361 [1998]; *People v Washington,* 246 AD2d 676, 677 [1998]; *People v Williams,* 220 AD2d 788 [1995]).

The trial court properly charged the jury on the presumption of knowing possession (*see* Penal Law § 220.25 [2]; *People v James,* 266 AD2d 236 [1999]; *People v Alexander,* 152 AD2d 587 [1989]; *People v Frazier,* 138 AD2d 401 [1988]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Feuerstein, J.P., Friedmann, McGinity and Schmidt, JJ., concur.