■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY GANT, Appellant. [809 NYS2d 584]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered May 27, 2004, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tomei, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his right to due process because the Supreme Court denied his request to call identifying witnesses at a *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]). "A defendant does not have an absolute unqualified right to call a complaining or identifying witness at a *Wade* hearing" (*People v Scott,* 290 AD2d 522 [2002]; *see also People v Chipp,* 75 NY2d 327, 338 [1990], *cert denied* 498 US 833 [1990]; *People v Harvall,* 196 AD2d 553 [1993]). "To the contrary, this right is triggered only where the hearing evidence raises substantial issues as to the constitutionality of the identification procedure . . . ., where the People's evidence is 'notably incomplete' . . . , or where the defendant otherwise establishes a need for the witness's testimony" (*People v Scott, supra* at 522 [citations omitted]; *see People v Harvall, supra*; *People v Hoehne,* 203 AD2d 480 [1994]).

The hearing testimony of the detective who conducted the lineup identification did not raise substantial issues as to the constitutionality of the identification procedure and was not "notably incomplete." The detective testified that the complainants had no contact with the defendant or fillers prior to the lineup, the complainants were escorted into the viewing room one-by-one and, after their identifications, did not come in contact with any complainant who had not yet viewed the lineup. The detective's testimony provided the hearing court with "the factual detail necessary to assess whether the lineup procedure was unduly suggestive" (*People v Harvall, supra* at 554). The defendant's contention that the complainants may have discussed the crimes or heard suggestive comments by other police officers was speculative (*see People v Chipp, supra* at 339). Under these circumstances, the Supreme Court properly denied the defendant's request for the production of the

identification witnesses at the *Wade* hearing (*see People v Abrew,* 262 AD2d 417 [1999], *affd* 95 NY2d 806 [2000]). Prudenti, P.J., Adams, Spolzino and Covello, JJ., concur.