■ In the Matter of STEPHEN O., a Person Alleged to be a Juvenile Delinquent, Appellant. [848 NYS2d 889]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (Kelly, J.), dated March 13, 2007, which, upon a fact-finding order of the same court, also dated March 13, 2007, made upon the appellant's admission, finding, inter alia, that the appellant committed acts which, if committed by an adult, would have constituted the crime of endangering the welfare of a child, adjudged him to be a juvenile delinquent and placed him with the Office of Children and Family Services for a period of 12 months. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress a statement he made to law enforcement officials.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The hearing court properly declined to suppress the appellant's statement to law enforcement officials. The statement given by the appellant in the presence of his mother after the administration of *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) was the product of a knowing waiver (*see People v White,* 40 AD3d 662, 663 [2007]; *People v Santos,* 38 AD3d 574 [2007]), and the alleged inconsistencies in the hearing testimony of the investigative officer did not render her testimony incredible as a matter of law (*see People v Middleton,* 36 AD3d 941, 942 [2007]; *People v Shewi Kuo,* 289 AD2d 424 [2001]).

Contrary to the appellant's contentions, the petition was not jurisdictionally defective, as it fully satisfied the sufficiency and verification requirements of the Family Court Act (*see* Family Ct Act § 311.1 [3] [h]; [4]; § 311.2 [2], [3]; *Matter of Jahron S.,* 79 NY2d 632, 636 [1992]; *cf.* CPLR 3020). Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.