Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J), rendered December 2, 2009, convicting him of burglary in the first degree as a hate crime, robbery in the first degree as a hate crime, robbery in the second degree as a hate crime, burglary in the first degree (two counts), robbery in the first degree, robbery in the second degree, and assault in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
The Supreme Court providently exercised its discretion in denying the defendant’s request to call an identifying witness at the Wade hearing (see United States v Wade, 388 US 218 [1967]). The defendant did not raise any substantial issues regarding the constitutionality of the identification, the People’s evidence was not notably incomplete, and the defendant did not otherwise establish a need for this testimony (see People v Benson, 38 AD3d 563, 564 [2007]; People v Gant, 26 AD3d 516, 517 [2006]; People v Fox, 11 AD3d 709, 710 [2004]; People v Scott, 290 AD2d 522, 522 [2002]).
The Supreme Court providently exercised its discretion in precluding the defendant from presenting expert testimony on the reliability of eyewitness identifications. Where a case “turns on the accuracy of eyewitness identifications and there is little *682 or no corroborating evidence connecting the defendant to the crime, it is an abuse of discretion for a trial court to exclude expert testimony on the reliability of eyewitness identifications if that testimony is (1) relevant to the witness’s identification of defendant, (2) based on principles that are generally accepted within the relevant scientific community, (3) proffered by a qualified expert and (4) on a topic beyond the ken of the average juror” (People v LeGrand, 8 NY3d 449, 452 [2007]; see People v Santiago, 17 NY3d 661, 669 [2011]). Here, there was sufficient corroborating evidence connecting the defendant to the crimes to obviate the need for expert testimony, including, inter alia, independent identifications by two witnesses other than the three complainants, surveillance videos, and the defendant’s incriminatory statements to police officers (see People v Abney, 13 NY3d 251, 269 [2009]; People v Young, 7 NY3d 40, 46 [2006]; People v Lee, 96 NY2d 157, 163 [2001]; People v Rodriguez, 98 AD3d 530, 532 [2012]; People v Fernandez, 78 AD3d 726, 726-727 [2010]).
The Supreme Court providently exercised its discretion in placing a time limit on the cross-examination of a certain prosecution witness (see Delaware v Van Arsdall, 475 US 673, 679 [1986]; Fenenbock v Director of Corrections for Cal., 692 F3d 910, 920 [9th Cir 2012]; United States v Vest, 116 F3d 1179, 1186-1188 [7th Cir 1997], cert denied 522 US 1119 [1998]; People v Schwartzman, 24 NY2d 241, 244 [1969], cert denied 396 US 846 [1998]; People v Rivera, 98 AD3d 529, 529 [2012]; People v Gaviria, 67 AD3d 701, 701-702 [2009]; see also People v Knowles, 88 NY2d 763, 766 [1996]). Under the circumstances of this case, the defendant’s contention that he was deprived of his constitutional rights of confrontation and due process is without merit.
The defendant’s contention that certain allegedly improper comments made by the prosecutor during his summation deprived the defendant of a fair trial is largely unpreserved for appellate review (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People v Crosdale, 103 AD3d 749, 750 [2013]; People v Parker-Davidson, 89 AD3d 1114 [2011]). In any event, most of the challenged remarks were proper because they were within the broad bounds of rhetorical comment permissible in closing arguments, responsive to arguments made by defense counsel in summation, or constituted fair comment on the evidence (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Stewart, 89 AD3d 1044, 1045 [2011]). To the extent that one spontaneous comment made in response to the defendant’s outburst was improper, it was sufficiently addressed by the Supreme Court’s *683 instructions to the jury (see People v Hines, 102 AD3d 889, 890 [2013]; People v Flowers, 102 AD3d 885, 886 [2013]; People v Evans, 291 AD2d 569, 569 [2002]) and was not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Ward, 106 AD3d 842, 843 [2013]; People v Philbert, 60 AD3d 698, 699 [2009]; People v Almonte, 23 AD3d 392, 394 [2005]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contention is unpreserved for appellate review and, in any event, without merit.
Eng, P.J., Balkin, Sgroi and Cohen, JJ., concur.