Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered March 19, 2009, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), grand larceny in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and. imposing sentence. The appeal brings up for *785 review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the hearing court did not err in denying his application to call two witnesses at the Wade hearing (see United States v Wade, 388 US 218 [1967]). The defendant argues that the testimony of the proposed witnesses would have shown that he invoked his right to counsel to represent him at a corporeal lineup. Where police are “aware that a . . . defendant is represented by counsel and the defendant explicitly requests the assistance of his attorney,” the police may not proceed with a lineup procedure, “without at least apprising the defendant’s lawyer of the situation and affording him or her an opportunity to appear” (People v Coates, 74 NY2d 244, 249 [1989]). However, in this matter, the proposed testimony was not germane to the purpose for which it was proffered, namely, to show that the police were aware that the defendant was represented by counsel and sought the presence of his attorney at the lineup. Rather, the proposed testimony related solely to purported conversations, prior to the lineup procedure, between the defendant and two non-police witnesses, at a location other than the police precinct at which the lineup was conducted. The defendant did not claim that those conversations were conducted in the presence of police officers, that the proposed witnesses would testify to any conversations between the defendant and the police, nor that the proposed witnesses themselves had any communications with the police. Under these circumstances, the hearing court did not err in denying the defendant’s application to call the proposed hearing witnesses (see People v Benson, 38 AD3d 563, 564 [2007]; People v Gant, 26 AD3d 516, 517 [2006]; People v Scott, 290 AD2d 522, 522 [2002]). Dickerson, J.R, Hall, Cohen and Miller, JJ., concur.