■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIE GRANGER, Appellant. [997 NYS2d 466]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered August 9, 2011, convicting him of assault in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Buchter, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the testimony of the arresting officer at the pretrial suppression hearing was incredible and patently tailored to overcome constitutional objections is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Taylor*, 120 AD3d 519, 520 [2014]). In any event, while the defendant correctly observes that there were inconsistencies in that officer's testimony, these inconsistencies did not rise to the level of rendering his testimony incredible as a matter of law or

demonstrate that it was a fabrication patently tailored to meet constitutional objections (*see Matter of Stephen O.*, 47 AD3d 719, 719 [2008]; *People v Gamble*, 267 AD2d 400 [1999]). Moreover, upon the exercise of our factual review power (*see Matter of Robert D.*, 69 AD3d 714, 716-717 [2010]), we conclude that the inconsistencies in the testimony presented a credibility question for the hearing court, which determination is entitled to great deference on appeal (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Bennett*, 57 AD3d 912 [2008]), and we discern no basis on this record to disturb that determination. Moreover, contrary to the defendant's further contention, his arrest in the hallway of a single room residence hotel did not violate his rights under *Payton v New York* (445 US 573 [1980]; *see People v Reynoso*, 2 NY3d 820, 821 [2004]; *People v Minley*, 68 NY2d 952, 953 [1986]; *People v Sancho-Hernandez*, 106 AD3d 841, 841 [2013]; *People v Cameron*, 74 AD3d 1223, 1224 [2010]; *People v Allen*, 54 AD3d 868, 868-869 [2008]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence as the fruit of an illegal arrest.

The trial court did not improvidently exercise its discretion in denying the defendant's application to present an expert witness as to the reliability of identification testimony. Where a case "turns on the accuracy of eyewitness identifications and there is little or no corroborating evidence connecting the defendant to the crime, it is an abuse of discretion for a trial court to exclude expert testimony on the reliability of eyewitness identifications if that testimony is (1) relevant to the witness's identification of defendant, (2) based on principles that are generally accepted within the relevant scientific community, (3) proffered by a qualified expert and (4) on a topic beyond the ken of the average juror" (*People v LeGrand*, 8 NY3d 449, 452 [2007]; *see People v Santiago*, 17 NY3d 661, 669 [2011]; *People v Rhodes*, 115 AD3d 681, 682 [2014]). Here, however, there was sufficient corroborating evidence connecting the defendant to the crimes to obviate the need for expert testimony, including surveillance videos, physical evidence placing the defendant in the vicinity of the crime shortly after the crime occurred, and evidence probative of the defendant's identity as the perpetrator in this case admitted pursuant to *People v Molineux* (168 NY 264 [1901]), demonstrating that the defendant had committed crimes in the past by using a distinctive and unique modus operandi that was nearly identical to the manner in which the crime was committed in this case (*see People v Abney*, 13 NY3d 251, 269 [2009]; *People v Young*, 7 NY3d 40, 46 [2006]; *People v Lee*, 96 NY2d 157, 163 [2001]; *People v Rhodes*, 115 AD3d 681, 682 [2014]; *People v Rodriguez*, 98 AD3d 530, 532 [2012]).

The defendant's claim, made in his pro se supplemental brief, that he was deprived of his constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011] [internal quotation marks and brackets omitted]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v McBride*, 103 AD3d 920, 921 [2013]; *People v Ropiza*, 100 AD3d 935, 936 [2012]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit. Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.