■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDE BONNEAU, Appellant. [46 NYS3d 921]—Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Kelly, J.), rendered March 18, 2015, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was involuntary because of coercion and ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record (*see People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see also People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was coerced or deprived of the effective assistance of counsel (*see People v Granger*, 122 AD3d 940, 942 [2014]; *cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claims of coercion and ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805

[2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]). Balkin, J.P., Miller, Duffy, LaSalle and Brathwaite Nelson, JJ., concur.