People v Granger (2025 NY Slip Op 00879)

People v Granger

2025 NY Slip Op 00879

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-08265
 (Ind. No. 2907/08)

[*1]The People of the State of New York, respondent,
v
Elie Granger, appellant.

Elie Granger, Attica, NY, appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order and judgment (one paper) of the Supreme Court, Queens County (Michelle A. Johnson, J.), dated October 18, 2021. The order and judgment, insofar as appealed from, denied the defendant's application for a writ of habeas corpus.
ORDERED that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.
In 2011, the defendant was convicted of assault in the first degree and endangering the welfare of a child. On his direct appeal, this Court affirmed the judgment of conviction (see People v Granger, 122 AD3d 940). This Court subsequently denied the defendant's application for a writ of error coram nobis (see People v Granger, 147 AD3d 871). The defendant also moved pursuant to CPL 440.10 to vacate the judgment of conviction. The Supreme Court denied his motion, and a Justice of this Court denied his application for leave to appeal from the order denying his motion. The defendant thereafter applied for a writ of habeas corpus. In an order and judgment dated October 18, 2021, the Supreme Court, inter alia, denied his application. The defendant appeals.
"A writ of habeas corpus may not be used to review questions already decided or, absent reasons of practicality and necessity, questions that could have been raised by direct appeal or by a collateral attack in the court of the [defendant's] conviction" (People ex rel. Skinner v Connolly, 105 AD3d 877, 877 [internal quotation marks omitted]; see People ex rel. Keitt v McMann, 18 NY2d 257, 262-263; People ex rel. Lifrieri v Lee, 116 AD3d 720, 720). Since the defendant's contentions in support of his application for habeas corpus relief either were or could have been raised on his direct appeal or in his motion pursuant to CPL 440.10, and since he failed to establish any basis to warrant a departure from traditional process, the Supreme Court properly denied his application (see CPLR 7003[a]; People ex rel. Adamson v Griffin, 178 AD3d 715, 715; People ex rel. Gladden v Griffin, 149 AD3d 859, 860; People ex rel. Lifrieri v Lee, 116 AD3d at 720).
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court